# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

ANDREA LEE SANDERS,

          Petitioner,

v.

DAKOTA DISTRICT COURT; JUDGE
CHRISTOPHER J. LEHMANN;
ANOKA POLICE DEPARTMENT;
HENNEPIN COUNTY SHERIFF
DEPARTMENT; ROSEMONT POLICE
DEPARTMENT; DAKOTA COUNTY
SHERIFF'S OFFICE; MINNESOTA
STATE HIGHWAY PATROL;
DAKOTA COUNTY ATTORNEY
OFFICE; and DAKOTA COUNTY
CORRECTIONS (DCCC),

          Respondents.

Case No. 19-CV-2743-DSD-KMM

**REPORT AND RECOMMENDATION**

      In 2014, petitioner Andrea Lee Sanders pleaded guilty in state court to one count of third-degree assault. *See* Petition Ex. at 1 [ECF No. 1-1]. Mr. Sanders now seeks federal habeas corpus relief from that conviction. But his habeas petition was filed far too late, and Mr. Sanders never exhausted the available remedies in state court for the claims raised in his habeas petition. Accordingly, it is recommended that this matter be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

      Under 28 U.S.C. § 2244(d),

1

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Only the first of those provisions is relevant to this case: Mr. Sanders does not allege that he was prevented from earlier seeking habeas relief due to state action; he does not seek relief pursuant to a newly recognized constitutional right; and his claims do not depend upon a factual predicate which could not have earlier been discovered. Accordingly, Mr. Sanders was required to file his petition for a writ of habeas corpus within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The documents submitted by Mr. Sanders reveal that his sentence was pronounced on February 17, 2015. *See* Petition Ex. at 1. Mr. Sanders then had ninety days in which to file a notice of appeal and challenge his conviction before the Minnesota Court of Appeals. *See* Minn. R. Crim. P. 28.02, subd. 4(3)(a). When Mr. Sanders failed to file a notice of appeal by May 18, 2015 (the ninetieth day following the imposition of the sentence), his conviction became final for purposes of § 2244(d)(1)(A). Mr. Sanders then had one year in which to seek federal habeas corpus relief. That one-year limitation window closed on May 18, 2016. Mr. Sanders filed his habeas petition on October 21, 2019. This was plainly too late.

In addition to having been brought too late, the claims raised in Mr. Sanders's habeas petition also have not been fairly presented to the Minnesota state courts. A federal court cannot entertain a habeas corpus petition challenging a state-court judgment unless the petitioner has exhausted all available state court remedies for all of his claims. *See* 28 U.S.C. § 2254(b) and (c). To satisfy the exhaustion of remedies requirement, the petitioner must show that all of his federal constitutional claims have been fairly presented to, and decided on the merits by, the highest available state court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). In this case, Mr. Sanders never sought review of his conviction from the

Minnesota Court of Appeals or Minnesota Supreme Court and thus he has never fairly presented the claims raised in his federal habeas petition before those courts. This is itself a basis for denial of the petition.

For these reasons, it is recommended that Mr. Sanders's petition for a writ of habeas corpus be denied and this action dismissed. Only one matter merits further comment: A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would treat Mr. Sanders's current habeas corpus petition differently than it is being treated here. Mr. Sanders has not identified, and this Court cannot discern, anything novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Mr. Sanders should not be granted a COA in this matter.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. The petition for a writ of habeas corpus of petitioner Andrea Lee Sanders [ECF No. 1] be DENIED.

2. This action be DISMISSED.

3. No certificate of appealability be issued.

Date: November 13, 2019                    *s/Katherine Menendez*
                                           Katherine Menendez
                                           United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).