```
                    United States District Court
                        District of Minnesota
                     Civil No. 19-2743(DSD/KMM)
```

Andrea Lee Sanders,

        Petitioner,

v.                                                                    ORDER

Dakota District Court;
Judge Christopher J. Lehmann;
Anoka Police Department;
Hennepin County Sheriff Department;
Rosemont Police Department;
Dakota County Sheriff's Office;
Minnesota State Highway Patrol;
Dakota County Attorney Office; and
Dakota County Corrections (DCCC),

        Respondents.

This matter is before the court upon petitioner Andrea Lee Sanders's objection to the November 13, 2019, report and recommendation (R&R) of Magistrate Judge Katherine Menendez. In the R&R, the magistrate judge recommended that Sanders's petition for writ of habeas corpus be denied and the court not issue a certificate of appealability. Sanders timely objected.

The court reviews the R&R de novo. 28 U.S.C. § 636(b)(1)(C); D. Minn. LR 72.2(b). After a careful review, the court finds that the R&R is well reasoned and correct.

**BACKGROUND**

In 2014, Sanders pleaded guilty in state court to one count of third-degree assault. Pet. Ex. A, at 1. Sanders was sentenced to 180 days in the Dakota County jail, followed by five years' supervised probation. Id. Based on the information presented by Sanders, it does not appear that he is currently in state custody. See generally id. Sanders's supervision is set to expire in February of 2020. Id. at 2. Sanders filed the instant petition on October 21, 2019, arguing that his state conviction violated his rights under the Fifth, Sixth, and Fourteenth Amendments. See generally id. In alleging these constitutional violations, Sanders contends that respondents violated 18 U.S.C. §§ 241 and 242.[1] Id. at 3, 9.

**DISCUSSION**

**I. Authority of the Magistrate Judge to Issue the R&R**

As a threshold issue, Sanders argues that it was improper under Federal Rule of Civil Procedure 73(b) for the magistrate

---

[1] Although Sanders references §§ 241 and 242, the criminal analogs to 42 U.S.C. §§ 1983 and 1985, and seeks monetary relief, most of his petition focuses on the alleged illegality of his conviction. The document filed by Sanders is also titled "Petition for Writ of Habeas Corpus." Moreover, although Sanders was informed that his petition appeared to be a civil rights complaint rather than a habeas action, he insisted that it be filed as a habeas petition. Accordingly, the court construes Sanders's filing as a petition for writ of habeas corpus.

judge to issue an R&R because he did not consent to the magistrate judge ruling on this matter. On the contrary, Rule 73(b), referring to 28 U.S.C. § 636(c), requires consent only where the magistrate judge enters final judgment. Section 636(b)(1)(B) grants magistrate judges the power to issue R&Rs on habeas petitions and § 636(b)(1)(C) then directs the district court to review de novo any portion of the R&R to which objections were properly made. As such, the magistrate judge properly issued an R&R on Sanders's petition, and the court will now review de novo the portions of the R&R to which Sanders has specifically objected.

**II. Sanders's Objections**

Sanders first objects to the magistrate judge's determination that dismissal is proper because he had not exhausted all available state court remedies before filing his habeas petition, as required under 28 U.S.C. § 2254(b) and (c). Sanders asserts that such exhaustion is not required when a petitioner files suit under 42 U.S.C. § 1983.[2] Although Sanders is correct that exhaustion is not required for § 1983 claims, see Patsy v. Bd. of Regents, 457 U.S. 496, 516 (1982), he has not brought a § 1983 claim. As discussed above, given that Sanders's petition largely challenges

---

[2] Sanders's petition references 18 U.S.C. § 242, the criminal analog to 42 U.S.C. § 1983. Pet. at 3. His objection, however, argues that exhaustion is not required for § 1983 claims. The court will consider Sanders's claim regarding the exhaustion requirement for § 1983 claims despite this discrepancy.

the legality of his conviction, and his insistence that his filing be construed as a petition for writ of habeas corpus, the magistrate judge properly construed it as such. Therefore, Sanders was required to exhaust available state remedies before bringing his petition. 28 U.S.C. § 2254(b)-(c). His failure to do so warrants dismissal.

Sanders next objects to the magistrate judge's determination that his petition is time barred under 28 U.S.C. § 2244(d)(1)(A). The Antiterrorism and Effective Death Penalty Act of 1996 imposes a one-year limitations period for challenging a state court judgment in a federal habeas petition, which typically begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1). Sanders argues that this one-year limitations period violates the Suspension Clause, U.S. Const. art. I, § 9, cl. 2.

Whether the limitation period violates the Suspension Clause depends on whether the limitation period renders the habeas remedy "inadequate or ineffective" to test the legality of detention. See Swain v. Pressley, 430 U.S. 372, 381 (1977); United States v. Hayman, 342 U.S. 205, 223 (1952). The burden is on the petitioner to demonstrate inadequacy and ineffectiveness. Cf. Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004).

Circumstances may exist where the limitation period in § 2244 raises serious constitutional questions and possibly renders the habeas remedy inadequate and ineffective. Cf. Triestman v. United States, 124 F.3d 361, 373–380 (2d Cir.1997) (discussing inadequacy and ineffectiveness with regard to § 2255). After considering Sanders's claims, however, the court is satisfied that such circumstances are not implicated here. Sanders does not contend, for example, that his conviction is unconstitutional because he is actually innocent or incompetent. See Cooper v. Oklahoma, 517 U.S. 348, 352–56 (1996); Schlup v. Delo, 513 U.S. 298, 324–29 (1995). Moreover, § 2244(d) is not jurisdictional and as a limitation may be subject to equitable tolling. See Calderon v. United States District Court, 128 F.3d 1283, 1287–88 (9th Cir. 1997), cert. denied, 522 U.S. 1099 (1998). The one-year time period begins to run in accordance with individual circumstances that could reasonably affect the availability of the remedy, see § 2244(d)(1)(B), (D); see also Calderon, 128 F.3d at 1289 (tolling the limitation period for extraordinary circumstances over which the inmate had no control), but requires petitioners to diligently pursue claims.

Sanders pleaded guilty in late 2014 and was sentenced in early 2015. He did not appeal his conviction or sentence, and he does not allege in his petition that he was unable to do so due to circumstances beyond his control. As such, the one-year limitation

5

does not violate the Suspension Clause and the magistrate judge was correct in concluding that Sanders's petition is time barred. Because he did not appeal, Sanders's judgment became final on May 18, 2015 — 90 days after the imposition of his sentence. See Minn. R. Crim. P. 28.02, subdiv. 4(3)(a); Gonzalez v. Thaler, 565 U.S. 134, 150 (2012). Under § 2244(d)(1)(A), Sanders was required to file his habeas petition by May 18, 2016. The instant petition, filed three years and five months after that date, is untimely.

Sanders's remaining objections are not related to the magistrate judge's determination that his petition should be dismissed on statute of limitations and exhaustion grounds. Instead, he attempts to reargue the points he made in his petition that respondents violated his constitutional rights. Because Sanders's petition is time barred and he failed to exhaust the available state court remedies, the court will not consider those arguments.

**III. Certificate of Appealability**

To warrant a certificate of appealability, a petitioner must make a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2). A "substantial showing" requires a petitioner to establish that "reasonable jurists" would find the court's assessment of the constitutional claims "debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). As discussed, the court is firmly convinced that

Sanders's petition is barred both by the time limitation set forth in § 2244(d) and because Sanders did not exhaust his available state remedies.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. The objection to the R&R [ECF No. 8] is overruled;

2. The R&R [ECF No. 7] is adopted in its entirety;

3. The petition for writ of habeas corpus [ECF No. 1] is denied;

4. The case is dismissed with prejudice; and

5. No certificate of appealability shall issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 16, 2019

s/David S. Doty
David S. Doty, Judge
United States District Court
